**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD A. GREEN, | No. C 12-3952 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| KEVIN FISHER PAULSON, | |
| Defendant. | |

Reginald A. Green, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Green claims that he is not receiving the number of indigent envelopes to which he is entitled under state law. He alleges that he is in jail as a parole violator and in the custody of the California Department of Corrections and Rehabilitation. He alleges that the provisions of Title 15 of the California Code of Regulations apply to him as a CDCR inmate, and those regulations provide for inmates to receive five indigent envelopes per week.[1] The county jail allegedly provides only two indigent envelopes per week.

"Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (citation omitted). There is no federal question in Green's complaint; therefore, the action must be dismissed for lack of subject matter jurisdiction. Green's claim that jail officials are not complying with a state regulation alleges, at most, a violation of state law that must be pursued in state court (if it can be pursued at all).

This action is dismissed for lack of subject matter jurisdiction. The clerk will close the file.

IT IS SO ORDERED.

Dated: November 1, 2012

_____
SUSAN ILLSTON
United States District Judge

---

[1] 15 Cal. Code Regs. § 3138 permits five indigent envelopes per week. That regulation also provides for free and unlimited mailing to any court and the Attorney General, in addition to the five envelopes per week. *See id.* at § 3138(h).

2